**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | 1:12-cr-00303-AWI |
| Plaintiff, | **ORDER DENYING DEFENDANTS'** |
| v. | **MOTION TO VACATE, SET ASIDE,** |
| | **OR CORRECT SENTENCE** |
| **CIRILO ALMAZAN TRUJILLO**, | **PURSUANT TO 28 U.S.C. § 2255** |
| Defendant. | (Doc. 42) |

_____/

### I. Introduction

This matter arises from the criminal conviction of Defendant Cirilo Almazan Trujillo. Defendant was charged with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of illegal reentry into the United States in violation of 8 U.S.C. §1326(a) and (2)(b). *See* Docs. 1, 31. Defendant pled guilty to illegal reentry and was sentenced to 46 months in custody. Docs. 31, 38. Defendant brings the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging that (1) his counsel provided ineffective assistance and (2) his conviction was obtained in violation of his right to due process of law. Doc. 42 at 5. For the following reasons, Defendant's motion to vacate will be denied.

### II. Legal Standard

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United

1

1 States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence

2 was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack.

3 28 U.S.C. § 2255(a).

4        Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must

5 initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the

6 moving party is not entitled to relief. *See United States v. Quan*, 789 F.2d 711, 715 (9th

7 Cir.1986). "If it plainly appears from the face of the motion and any annexed exhibits and the

8 prior proceedings in the case that the movant is not entitled to relief in the district court, the

9 judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court

10 shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless

11 the motion and the record of the case "conclusively show that the prisoner is entitled to no

12 relief." 28 U.S.C. § 2255(b).

13        "The facts in a habeas petition need not be so detailed as to establish prima facie

14 entitlement to habeas relief; they are sufficient if they suggest the real possibility that

15 constitutional error has been committed." *Calderon v. United States Dist. Court*, 98 F.3d 1102,

16 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of

17 constitutional error should survive Rule 4 review." Id. The court must "construe pro se habeas

18 filing liberally." *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir.2003).

19 **III. Discussion**

20 <u>A. Ineffective Assistance of Counsel</u>

21        "The Sixth Amendment guarantees criminal defendants the effective assistance of

22 counsel." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The Court "must apply a 'strong

23 presumption' that counsel's representation was within the 'wide range' of reasonable

24 professional assistance. The [petitioner] bears the burden of showing 'that counsel made errors

25 so serious that counsel was not functioning as the 'counsel' guaranteed [petitioner] by the Sixth

26 Amendment.'" *Gonzalez v. Wong*, F.3d 965, 987 (9th Cir. 2011).

27

28

To establish a constitutional violation for ineffective assistance of counsel actionable under section 2255, petitioner must demonstrate (1) a deficient performance by counsel, and (2) prejudice to petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). To prove deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). To show prejudice, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. 668 at 694. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Alvarez-Tautimez*, 160 F.3d 573, 577 (9th Cir. 1998). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong; "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed." *Strickland*, 466 U.S. 668 at 697.

In this instance, Defendant attributes error to counsel's failure to challenge the sentencing court's application of the sentencing guidelines. Defendant pled guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The sentencing guideline for that offense is found in U.S.S.G. § 2L1.2, providing a base offense level of 8. A 16-level enhancement is applied if the defendant was previously convicted of a felony crime of violence and the defendant receives criminal history points for that prior conviction. U.S.S.G. § 2L1.2(b)(1)(a). If a defendant does not receive criminal history points for the prior conviction, a 12-level enhancement is applied. In 2008, in the Fresno County Superior Court, the Defendant pled no contest to a charge of assault with a deadly weapon with likelihood of great bodily injury. According to the presentence report generated by Fresno County Probation, the conviction arose from Defendant stabbing a coworker over a dispute regarding a debt. Defendant

1  contends that the Court erred in relying on the assault with a deadly weapon conviction to

2  enhance his sentence because Defendant pled no contest to the offense and did not admit a

3  factual basis. Doc. 42 (citing *People v. West*, 3 Cal.3d 595 (1970)). Defendant is wrong. Even

4  without considering the facts of the underlying conviction, assault with a deadly weapon in

5  violation of California Penal Code § 245(a)(1) – the prior offense of conviction – is categorically

6  a crime of violence as defined in 18 U.S.C. § 16.[1] *United States v. Jimenez-Arzate*, 781 F.3d

7  1062, 1063 (9th Cir. 2015); *United States v. Grajeda*, 581 F.3d 1186, 1196-97 (9th. Cir. 2009); *cf*

8  *Ceron v. Holder*, 747 F.3d 773 (9th Cir. 2014) (en banc) (addressing whether a conviction under

9  California Penal Code § 245(a)(1) is a crime of moral turpitude, not whether it is a crime of

10 violence). When the offense of conviction is categorically a crime of violence, the underlying

11 facts of the conviction are irrelevant. *Grajeda*, 581 F.3d at 1189. To the extent that Defendant

12 argues that a no contest plea is not a conviction for purposes of U.S.S.G. § 2L1.2, the Ninth

13 Circuit has rejected Defendant's that argument; "a no contest plea serves as the equivalent of a

14 guilty plea" when determining "whether the crime of conviction is a crime of violence" for

15 purposes of § 2L1.2(a). *United States v. Negrete-Dominguez*, 600 Fed.Appx. 572 (9th Cir. Apr.

16 27, 2015).

17      The sentencing court did not err in its calculation of sentencing guidelines. Defense

18 counsel's representation was not deficient nor was any prejudice caused by his failure to

19 challenge the sentencing court's calculation. Defendant's ineffective assistance claim is denied.

20 B. Due Process

21      Defendant's second claim is predicated on the understanding that his 2008 conviction for

22 assault with a deadly weapon is not a crime of violence, rendering him deportable under 8 U.S.C.

23 §§ 1101(a)(43)(F) and 1227(a)(2)(A)(iii) as having committed an aggravated felony. As

24 discussed above, Defendant is mistaken; Defendant's 2008 conviction a crime of violence for

25 purposes of 18 U.S.C. § 16. Defendant's initial removal from the United States is not subject to

26 challenge on that basis. Defendant's second claim is denied.

---

27 [1] The term "crime of violence" for purposes of 18 U.S.C. 16(a) and U.S.S.G. § 2L1.2 is identical. *United States v.*
   *Narvaez-Gomez*, 489 F.3d 970, 976 (9th Cir. 2007).

28

C. Waiver

Generally, an express waiver of the right to bring a § 2255 motion, bars the defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see also Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005). A defendant's waiver of his right to review is enforceable if the language of the waiver encompasses his right to such review on the grounds raised, and if the waiver was knowingly and voluntarily made." *See United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009). However, "a plea agreement that waives the right to file a federal habeas petition … is unenforceable with respect to an IAC claim that challenges the voluntariness of the waiver." *Washington v. Lampert,* 422 F.3d 864, 871 (9th Cir.2005)

Here, in the plea agreement, Defendant waived his right to appeal and expressly waived his right contest his sentence under Section 2255. Doc. 31 at 2-3. In fact, if any part of Defendant's conviction is vacated at his request, he would be subject to prosecution on the charge of conviction and the felon in possession of a weapon charge that was dismissed as a result of the plea agreement. *Id*. Defendant does not now assert that the waiver was involuntary or that he did not understand the waiver.[2] The express language in the plea agreement indicates Defendant's voluntary waiver of his right to file a Section 2255 motion. Since the language of the waiver explicitly precludes filing a Section 2255 motion, and that waiver was knowingly and voluntarily made, the waiver is enforceable, and his motion is barred by that waiver. Accordingly, in addition to Defendant's motion being without merit, his right to bring the motion in the first instance was waived.

///

///

///

///

---

[2] Although Defendant has brought a claim of ineffective assistance of counsel which – in some situations – can implicate the validity of the plea, Defendant's ineffective assistance claim relates only to counsel's post-plea assistance at sentencing. The alleged ineffective assistance does not impact the validity of the plea.

1

**IV. Order**

2          Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to vacate,

3  set aside or correct sentence pursuant to § 2255 is DENIED.

4

5  IT IS SO ORDERED.

6  Dated:   December 29, 2015            _____

7                                        SENIOR  DISTRICT  JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28